# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JUAN ROMERO,

       Plaintiff,

v.

BMO HARRIS BANK, N.A.,

       Defendant.

**Case No.: 1:19-cv-6733**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. **TCPA, 47 U.S.C. § 227,**

2. **Invasion of Privacy - Intrusion Upon Seclusion**

## COMPLAINT FOR DAMAGES

Plaintiff, Juan Romero ("Plaintiff"), through his attorneys, alleges the following against BMO Harris Bank, N.A., ("Defendant" or "BMO"):

## INTRODUCTION

1.    Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.    Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of

Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5.      Defendants transact business here; personal jurisdiction is established.

## PARTIES

6.      Plaintiff is a natural person residing in Kane County, State of Illinois.

7.      Defendant is a creditor engaged in the business of giving consumer loans with its headquarters located in Chicago, Illinois. Defendant can be served with process at 111 West Monroe St., Chicago, IL 60603.

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.      In or around May of 2019, Defendant began placing calls to Plaintiff's cellular phone, ending in (XXX) XXX-9871, in an attempt to collect an alleged debt.

10.     The calls placed by Defendant mainly originated from (866) 618-8686.

11.     On or about May 24, 2019, at 3:15 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (866) 618-8686.

12.     Defendant informed Plaintiff that it was attempting to collect a debt relating to his BMO Harris Bank account.

13.     Plaintiff unequivocally revoked consent to be called any further.  Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

14.     On or about June 3, 2019, at 4:41 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (866) 618-8686.

15.     Defendant informed Plaintiff that it was attempting to collect a debt relating to his BMO Harris Bank account.

16.     Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's second request not to be contacted, Defendant continued to call Plaintiff.

17.     On or about June 27, 2019, at 7:47 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak,

indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (866) 618-8686.

18. Defendant informed Plaintiff that it was attempting to collect a debt relating to his BMO Harris Bank account.

19. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's third request not to be contacted, Defendant continued to call Plaintiff.

20. On or about August 2, 2019, at 9:09 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (866) 618-8686.

21. Defendant informed Plaintiff that it was attempting to collect a debt relating to his BMO Harris Bank account.

22. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's fourth request not to be contacted, Defendant continued to call Plaintiff.

23. On or about August 12, 2019, at 6:07 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (866) 618-8686.

24. Defendant informed Plaintiff that it was attempting to collect a debt relating to his BMO Harris Bank account.

25.     Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's fifth request not to be contacted, Defendant continued to call Plaintiff.

26.     On or about August 15, 2019, at 4:09 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (866) 618-8686.

27.     Defendant informed Plaintiff that it was attempting to collect a debt relating to his BMO Harris Bank account.

28.     Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's sixth request not to be contacted, Defendant continued to call Plaintiff.

29.     Between May 24, 2019 and August 27, 2019, Defendant called Plaintiff no less than one hundred thirty (130) times.

30.     Defendant regularly called Plaintiff one (1) to three (3) and on some occasions, up to four (4) times a day on his cellular phone.

31.     Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

32.     Plaintiff is currently employed at Walmart and recently went through a divorce. Plaintiff has full custody of his two children and reduced his hours at work to spend time with them. As a result of his reduced hours and reduced income, Plaintiff was unable to keep up with his financial obligations.

33.     Defendant's daily calls to Plaintiff's cellular phone were a constant reminder of his financial struggle, causing Plaintiff increased stress while managing his family responsibilities.

34.     The majority of calls placed by Defendant occurred during working hours, causing a constant disruption to his work.

35.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, and lack of sleep.

## COUNT I
## Defendant BMO's Violations of the TCPA, 47 U.S.C. § 227

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any

service for which the called party is charged for the call.

    b.   Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

38.   As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant BMO's Invasion of Privacy
### (Intrusion upon Seclusion)

39.   Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

40.   Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41.    As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Juan Romero, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

PRICE LAW GROUP, APC

Date: October 11, 2019

By: */s/David A. Chami*
David A. Chami
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5515
F: 818-600-5415
david@pricelawgroup.com

By: */s/ Tarek N. Chami*
Tarek N. Chami
22000 Michigan Ave., Suite 200
Dearborn, MI 48124
T: 313-444-5029
F: 888-428-7911
tarek@pricelawgroup.com